**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**(Martinsburg Division)**

**EPRIORI HEALTH, INC.,**

    **Plaintiff,**

**v.**                                                  **CIVIL ACTION NO.: 3:23-CV-215 (Groh)**

**DOCGIANT, LLC and CARE IO, INC.,**

    **Defendants.**

**<u>DEFENDANT CARE IO, INC.'S ANSWER AND COUNTERCLAIMS TO</u>**
**<u>PLAINTIFF'S COMPLAINT</u>**

**COMES NOW** the Defendant, Care IO, Inc. (hereinafter "Care IO"), by and through its counsel, Susan R. Snowden and Jackson Kelly PLLC, and hereby files this Answer to Plaintiff's Complaint and states as follows:

1.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

2.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

3.    Admitted in part, denied in part. Care IO admits only that it is a Delaware corporation, maintains its principal place of business in Princeton, New Jersey, and develops and provides cloud-hosted SaaS solutions built upon a proprietary engine.

4.    Admitted in part, denied in part. Care IO admits only that Jaswinder Dhanjal (hereinafter "Mr. Dhanjal") has a majority ownership interest in DocGiant and Care IO. Care IO further admits that, upon information and belief, Mr. Dhanjal is a shareholder of ePH along with David Trotter, MD (hereinafter "Dr. Trotter") and Michael Valasek (hereinafter "Mr. Valasek").

1

5.     As the subject Exhibit A is not attached to the Complaint, Care IO is uncertain of what Exhibit is being referenced in this paragraph. Care IO is therefore without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

## FACTUAL BACKGROUND

6.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

7.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

8.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied. By way of further response, admitted only that Care IO was tasked by Mr. Dhanjal with the job of developing a front-end software prototype to be used by ePH and built on the proprietary Care IO platform that incorporated certain documentation on certain conditions ("ePH Prototype") that was provided to Care IO's developers ("Conditions Documentation").  Upon information and believe, the Conditions Documentation is the property of ePH.

9.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied. By way of further response, the ePH Prototype is owned, in part, by ePH; however, the ePH Prototype relies upon and is presently integrated with Care IO proprietary code to ensure its functionality ("Care IO Platform").  The Care IO Platform is solely owned by Care IO and ePH was granted a limited license to use the Care IO Platform solely for the purposes of the ePH Prototype and only as long as it is attached to the Care IO Platform.

10.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied. By way of further response, Care IO has maintained copies of the Conditions Documentation, as well as the ePH Prototype in confidence, and has made no unauthorized use of either the Conditions Documentation or the ePH Prototype.

11.    Admitted in part, denied in part. Care IO admits only that Mr. Dhanjal's prior company, Twinpod, Inc. and Dr. Trotter's company DTMD Ortho Reviews executed a mutual non-disclosure agreement on December 18, 2019.

12.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.  By way of further response, Care IO has no contractual relationship with ePH, Dr. Trotter and/or Mr. Valasek.

13.    Denied as stated.  Care IO incorporates by reference its response to paragraph 9.

## THE DEFENDANT, CARE IO, INC

14.    Denied.

15.    Denied.

16.    Denied. By way of further response, Care IO incorporates its response to Paragraph 9.

17.    Denied. By way of further response, Care IO admits only that login credentials for the ePH Prototype were only provided to certain ePH personnel.  No ePH personnel (except for Mr. Dhanjal) had login credentials for the Care IO Platform.

18.    Denied.

19.    Denied.

20.     Denied. By way of further response, Care IO incorporates its response to Paragraph 9.

21.     Denied. By way of further response, there was no contract between Care IO and ePH.  In addition, Care IO incorporates its response to Paragraph 9.

22.     Denied as stated.  Admitted only that, in approximately July 2023, at the direction of Mr. Dhanjal, Care IO revoked access to the ePH Prototype by members, employees and/or other individuals acting on ePH's behalf.  By way of further response, Care IO incorporates its response to Paragraph 9.

23.     Denied.

24.     Denied.

25.     Denied.

## THE DEFENDANT, DOCGIANT, LLC

26.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

27.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

28.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

29.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

30.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

31.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

32.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

33.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

34.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

35.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

36.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

37.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

38.     Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

## <u>JURISDICTION AND VENUE</u>

39.     Denied. This paragraph contains conclusions of law to which no response is required.

40.     Denied. This paragraph contains conclusions of law to which no response is required.

## COUNT I
## BREACH OF CONTRACT AGAINST DOCGIANT, LLC

41.    Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

42.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

43.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

44.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

45.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

46.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

47.    Denied. This paragraph contains conclusions of law to which no response is required.

48.    Denied. This paragraph contains conclusions of law to which no response is required.

## COUNT II
## BREACH OF CONTRACT AGAINST CARE IO, INC.

49.    Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

50.    Denied.

51.    Denied.

6

52.    Denied. This paragraph contains conclusions of law to which no response is required.

53.    Denied. This paragraph contains conclusions of law to which no response is required.

54.    Denied. This paragraph contains conclusions of law to which no response is required.

55.    Denied. This paragraph contains conclusions of law to which no response is required.

56.    Denied. This paragraph contains conclusions of law to which no response is required.

**COUNT III**
**MISAPPROPRIATION OF TRADE SECRETS AGAINST THE DEFENDANTS**
**W. Va. Code §§ 47-22-1 *et seq.***

57.    Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

58.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.  By way of further response, Care IO incorporates its response to paragraph 9.

59.    Denied. This paragraph contains conclusions of law to which no response is required.

60.    Denied. This paragraph contains conclusions of law to which no response is required.

61.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in

this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

62.      Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

63.      Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

64.      Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

65.      Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

**COUNT IV**
**CONVERSION AGAINST THE DEFENDANTS**

66.      Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

67.      Denied. This paragraph contains conclusions of law to which no response is required.  By way of further response, Care IO incorporates its response to paragraph 9. In

addition, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

68.     Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

69.     Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

70.     Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

**COUNT V**
**UNJUST ENRICHMENT AGAINST THE DEFENDANTS**

71.     Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

72.     Denied. This paragraph contains conclusions of law to which no response is required.

73.     Denied. This paragraph contains conclusions of law to which no response is required.

74.     Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

75.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

76.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

77.     Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

78.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

79.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

80.    Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

81.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

82.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

### COUNT VI
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
### AGAINST THE DEFENDANTS

83.    Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

84.    Denied. This paragraph contains conclusions of law to which no response is required.

85.    Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

86.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

## COUNT VII
## TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE
## AGAINST THE DEFENDANTS

87.     Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

88.     Denied. This paragraph contains conclusions of law to which no response is required.

89.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

90.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

91.     Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

92.    Denied. This paragraph contains conclusions of law to which no response is required. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied.

**COUNT VIII**
**FRAUD AND/OR**
**CONSTRUCTIVE FRAUD**
**<u>AGAINST CARE IO, INC.</u>**

93.    Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

94.    Denied.

95.    Denied.

96.    Denied. This paragraph contains conclusions of law to which no response is required.

97.    Denied. This paragraph contains conclusions of law to which no response is required.

98.    Denied. This paragraph contains conclusions of law to which no response is required.

99.    Denied. This paragraph contains conclusions of law to which no response is required.

100.    Denied. This paragraph contains conclusions of law to which no response is required.

101.    Denied. This paragraph contains conclusions of law to which no response is required.

**COUNT IX**
**FRAUD AND/OR**
**CONSTRUCTIVE FRAUD**
**AGAINST DOCGIANT, LLC**

102.    Care IO incorporates the forgoing paragraphs of this Answer as though fully set forth herein.

103.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

104.    Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus those allegations are denied.

105.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

106.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

107.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

108.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in

this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

109.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

110.    Denied. By way of further response, Care IO is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to DocGiant contained in this paragraph, and thus those allegations are denied. This paragraph contains conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Care IO asserts that some or all of the claims set forth in the Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Care IO asserts that the Complaint is not plead with specificity, as required by law, especially with respect to any purported conversion, unjust enrichment, tortious interference with contracts and economic advantage, and fraud, and therefore warrants dismissal.

### THIRD AFFIRMATIVE DEFENSE

Care IO asserts that the claims set forth in the Complaint are frivolous and advanced in bad faith, and Plaintiff is subject to sanctions.

### FOURTH AFFIRMATIVE DEFENSE

Care IO asserts that the claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Care IO asserts that the claims in the Complaint should be dismissed because it is not in possession, nor is it using any of ePH's purported confidential, proprietary or trade secret information.

### SIXTH AFFIRMATIVE DEFENSE

Care IO asserts that the Plaintiff's claims are barred by waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Care IO denies that Plaintiff is entitled to the damages claimed or to the relief demanded.

### EIGHTH AFFIRMATIVE DEFENSE

Care IO asserts that venue in this District is improper, and therefore dismissal of all claims is warranted.

### NINTH AFFIRMATIVE DEFENSE

Care IO intends to rely on one or more other affirmative defenses which may become available or apparent during discovery and hereby reserves the right to amend this Answer to assert any such defenses.

**WHEREFORE**, Defendant Care IO demands judgment be entered in their favor and against Plaintiff, together with an award of its costs, attorneys' fees and such other relief that the Court deems appropriate and just.

### CARE IO, INC.'S COUNTERCLAIMS AGAINST EPRIORI HEALTH, INC.

Notwithstanding and without waiver of DocGiant, Care IO and ePH's pending Joint Motion to Transfer, as well as its objections to venue in this District, Defendant Care IO, by and

through its undersigned counsel, Susan R. Snowden and Jackson Kelly PLLC, hereby asserts these counterclaims against Plaintiff ePriori Health, Inc., seeking, among other things, declaratory relief, restitution and/or compensatory damages and interest, and in all cases costs, attorneys' fees and any other relief as this Court deems just and proper, and states as follows:

## PARTIES

1.      Care IO is a Delaware corporation and maintains its principal place of business in Princeton, New Jersey.

2.      ePH is a West Virginia corporation and, upon information and belief, maintains its principal place of business in Shepherdstown, West Virginia.

## JURISDICTION AND VENUE

3.      This Court has supplemental jurisdiction over Care IO's counterclaims pursuant to 38 U.S.C. § 1367 because its claims arise out of the same common nucleus of operative fact such that the claims would ordinarily be expected to be tried in the same judicial proceeding. Mainly, Care IO's claims arise out of services allegedly provided to ePH by Care IO, and the parties conduct thereof. Furthermore, considerations of judicial economy, convenience and fairness also warrant the Court's exercise of supplemental jurisdiction over Care IO's counterclaims.

4.      Venue is proper in this Court pursuant to 28 § 1391(b) because ePH is a resident of this judicial district.

5.      Assignment is likewise proper in the Martinsburg Division because ePH is a resident of this county.

**FACTS**

**Care IO and Its Proprietary Software Engine**

6.     Care IO is a technology company, of which Mr. Dhanjal is a majority owner, that develops and provides cloud-hosted SaaS solutions built upon a proprietary software engine and platform. Care IO specializes in using its software engine and platform to develop SaaS products that aggregate medical records (including diagnostic imaging, patient appointments and other clinical data/testing) into timelines and databases for a healthcare professional's review ("Care IO Platform").

7.     Care IO also leverages its engine and platform to develop specialized SaaS solutions for its customers with unique front-end capabilities, and does so pursuant to SaaS agreements, among other contracts. These agreements clearly explain that Care IO's software engine and the underlying code are protected by copyright, and are proprietary, highly confidential, trade secret, and the property of Care IO. These agreements also make clear that, typically, a customer owns *only* the unique front-end and customer-specific "scripts" developed by Care IO for the customer's specific needs. In *no circumstance* does Care IO ever suggest that a customer owns the engine or platform itself. Further, its customers are granted a license to utilize any code or other aspects of the Care IO Platform necessary to the functionality of the unique customer front-end; however, unless otherwise expressly agreed, that use is limited to a license lasting solely for the duration of the relationship.

8.     Upon information and belief, ePH knew, or should have known, that the Care IO Platform was subject to copyright as well as proprietary, highly confidential, trade secret, and the property of Care IO, at least, through various representations made to ePH and its members by Mr. Dhanjal.

9.      Care IO invested years of time and significant resources to develop its engine and platform, and both serve as the backbone of all the SaaS services Care IO provides to its customers.

## Care IO's Development of a Utilization Review Software Prototype

10.      Upon information and belief, in 2020, Mr. Dhanjal, Dr. Trotter and Mr. Valasek formed ePH to develop a healthcare software solution for use in performing a type of utilization review called prior authorization.

11.      At the direction of Mr. Dhanjal, between 2020 and 2022, Care IO developed a prototype software solution for use in prior authorization (the "Software Prototype"). This Software Prototype was built upon the Care IO Platform and was designed to demonstrate proof-of-concept rather than be a comprehensive and complete software solution. This prototype far exceeded what would generally be considered a proof-of-concept, and demonstrated the foundations of a viable software.

12.      Care IO knew that this Software Prototype would likely eventually be used by ePH, although Care IO and ePH never signed a SaaS agreement nor any other kind of agreement, such as a statement of work or confidentiality agreement.

13.      Upon information and belief, ePH authorized Mr. Dhanjal to provide Care IO's developers with access to its certain documentation relating to frameworks for prior authorization review (which, upon information and belief, ePH refers to as "Templates") so the Templates could be integrated into the Software Prototype. The Templates were to serve as part of the foundation for the Software Prototype's clinical knowledge program.

14.      Care IO developers eventually integrated at least 670 Templates into the Software Prototype. These Templates, however, were frequently changed throughout 2020-2022, requiring

Care IO developers to revise and modify the coding scripts that integrated the Templates into the Software Prototype.

15.     Care IO was never asked to nor did it ever execute any form of non-disclosure or confidentiality agreement relating to the use or handling of the Templates, nor did it enter into any agreement (oral or written) of any kind with ePH.

16.     Care IO delivered the first draft of the Software Prototype that incorporated an initial set of 25 Templates to Mr. Dhanjal in December 2020 and provided Mr. Dhanjal with credentials to access this Software Prototype on Care IO's cloud system.

17.     Upon information and belief, Mr. Dhanjal provided these credentials to ePH.

18.     The Software Prototype demonstrated proof-of-concept that such a software solution could be developed for prior authorization.

19.     Between December 2020 and March 2022, Care IO developers continued to work at the direction of Mr. Dhanjal to modify and further develop the Software Prototype, eventually programming scripts for at least 670 Templates. Care IO developers also periodically participated in video conferences with Mr. Dhanjal, Dr. Trotter, Mr. Valasek and other individuals whom, upon information and belief, were acting at the direction of ePH, to review the operation of the Software Prototype and to discuss functionality, bug-testing, and goals for further development efforts, among other things.

20.     Care IO's employees, along with Mr. Dhanjal personally, dedicated hundreds, if not thousands, of hours over the course of at least a year, into the development of the Software Prototype.

21.     The total market value of Mr. Dhanjal's and Care IO's services, had they been billed at Care IO's standard rates, would have exceeded $350,000.

22.    Care IO performed this work without *any* compensation.

23.    Care IO also hosted the Software Prototype on its cloud system for free – a service for which it ordinarily charges its customers.

### ePH Rejects a SaaS Agreement with Care IO

24.    Upon information and belief, after the delivery of the Software Prototype in December 2020, disputes arose among Mr. Dhanjal, Dr. Trotter and Mr. Valasek regarding the Software Prototype, among other business disputes.

25.    Despite these disputes, Care IO continued to work on the Software Prototype at Mr. Dhanjal's direction, modifying its functionality to address feedback and adding scripts for hundreds of additional Templates.

26.    By March 2022, Care IO reached the limit of work it could perform for free and Care IO stopped all software development work until an agreement could be worked out in which it would be compensated for its work.

27.    Upon information and belief, between January 2022 and March 2022, Mr. Dhanjal, acting on Care IO's behalf, had requested that ePH enter into a SaaS agreement with Care IO in which Care IO would be compensated for the additional software development work that ePH was demanding, which had already gone far beyond the Software Prototype that had been initially agreed upon.

28.    Upon information and belief, ePH rejected all of Care IO's proposals.

29.    Accordingly, since March 2022, Care IO has performed no work on the Software Prototype.

30.    ePH now claims it owns *both* the Software Prototype *and* Care IO's proprietary, highly confidential, and trade secret back-end software engine and platform that is the foundation of its entire business.

## COUNT I
### Quantum Meruit
### *Under New Jersey and West Virginia Law*

31.    Care IO repeats, repleads and incorporates by reference each of its responses to the previous paragraphs as if they had been fully set forth herein.

32.    There is no contract for *any* services between Care IO and ePH, and, in the alternative, even if there is a contract, the services Care IO provided for the benefit of ePH were outside or beyond those contemplated by the Parties.

33.    Between 2020 and 2022, and at the direction of Mr. Dhanjal, Care IO performed software development and cloud services that benefited ePH.

34.    ePH received benefits by not paying Care IO for (i) software development of the Software Prototype, including numerous revisions, (ii) revisions to the prototype to add additional Templates, and (iii) hosting services of the Software Prototype on Care IO's cloud system.

35.    As a direct result of Care IO's work, ePH also enjoys the benefit of knowing a prior authorization software is possible, *i.e.*, the knowledge of proof-of-concept, and has received extensive knowledge on how such a software could be developed and operated, which it may leverage with other developers.

36.    Mr. Dhanjal and Care IO, at the direction of Mr. Dhanjal, devoted hundreds of hours performing software development tasks to create the Software Prototype, create scripts for

hundreds of Templates and modify the Software Prototype according to Mr. Dhanjal's instruction.

37.     Care IO received no compensation for any of its software development services, delivery of the Software Prototype and proof-of-concept, and its hosting of the prototype on its cloud system.

38.     ePH did not refuse these services and indeed asserts through this lawsuit that it owns the Software Prototype developed as a result, all revisions, and even the Care IO Platform.

39.     Care IO has not been compensated for the reasonable value of the services it provided to ePH.

40.     Care IO is entitled to the reasonable value of the services it provided to ePH that directly benefited it in an amount to be determined at trial.

### COUNT II
### Unjust Enrichment
### *Under New Jersey and West Virginia Law*

41.     Care IO repeats, repleads and incorporates by reference each of its responses to the previous paragraphs as if they had been fully set forth herein.

42.     There is no contract for *any* services between Care IO and ePH, and even if there is a contract, the services Care IO provided for the benefit of ePH were outside or beyond the scope of those contemplated by the Parties.

43.     ePH has been unjustly enriched by failing to pay Care IO for (i) software development of the Software Prototype, including numerous revisions, (ii) revisions to the prototype to add additional Templates, and (iii) its hosting of the Software Prototype on Care IO's cloud system.

44.     As a direct result of Care IO's work, ePH also enjoys the benefit of knowing a

prior authorization software is possible, *i.e.*, the knowledge of proof-of-concept, and has received

extensive knowledge on how such a software could be developed and operated, which it may

leverage with other developers.

45.     Mr. Dhanjal and Care IO, at the direction of Mr. Dhanjal, devoted hundreds of

hours performing software development tasks to create the Software Prototype, create scripts for

hundreds of Templates and modify the Software Prototype according to Mr. Dhanjal's

instruction. Care IO received no compensation for its software development services, delivery of

the Software Prototype and proof-of-concept, and its hosting of the prototype on its cloud

system.

46.     ePH did not refuse these services and indeed asserts through this lawsuit that it

owns the Software Prototype developed as a result, all revisions, and even the Care IO Platform.

47.     ePH's retention of (i) the Software Prototype, including all revisions, (ii) the

knowledge that a software can be developed in this space and details about the development and

operation of such potential software, and (iii) receipt of free hosting services thus constitute

unjust enrichment.

48.     Care IO is thus entitled to the reasonable value of the benefits it conferred to ePH

through its software development work and services in an amount to be determined at trial.

**COUNT III**
**Breach of Contract**
***Under New Jersey and West Virginia Law***
**(*in the alternative*)**

49.     Care IO repeats, repleads and incorporates by reference each of its responses to

the previous paragraphs as if they had been fully set forth herein.

50.    Assuming this Court determines that a contract exists between Care IO and ePH, ePH has breached any putative contract by failing to pay Care IO for its development of the Software Prototype, including numerous revisions to add additional Templates, and its hosting of the Software Prototype on Care IO's cloud system.

51.    Assuming a contract exists between ePH and Care IO, ePH has a duty to compensate Care IO for the performance of its services described in Paragraph 50.

52.    Mr. Dhanjal and Care IO, at the direction of Mr. Dhanjal, devoted hundreds of hours performing software development tasks to create the Software Prototype, create scripts for hundreds of Templates and modify the Software Prototype according to Mr. Dhanjal's instruction.

53.    Assuming a contract exists, Care IO has fully performed its obligations to ePH.

54.    Care IO received no compensation for its software development services nor its hosting of the software on its cloud system for over a year (*i.e.*, at least December 2020 – March 2022).

55.    In particular, ePH has not paid any money to Care IO for its services and Care IO never agreed to perform work for free.

56.    Assuming a contract exists, ePH has thus breached that putative contract by receiving all the benefits of Care IO's performance without compensating Care IO in any way.

57.    Assuming a contract exists between the parties, Care IO is entitled to at least compensatory damages for its performance under this putative contract and the reasonable value of its services provided to ePH.

## COUNT IV
### Declaratory Judgement – As to Software Ownership
#### *Under the Under New Jersey and West Virginia Law*

58.     Care IO repeats, repleads and incorporates by reference each of its responses to the previous paragraphs as if they had been fully set forth herein.

59.     Both New Jersey and West Virginia statutory law empower courts to declare rights, statuses and other legal relationships whether or not further relief is or could be claimed.

60.     Although Care IO expended hundreds of hours of uncompensated labor in the development of the Software Prototype, ePH now claims that it owns, not only the Software Prototype, but also Care IO's Platform.

61.     Care IO and ePH never executed any SaaS agreement, confidentiality agreement, assignment agreement or any other agreement of any kind, including, but not limited to, relating to the development of the Software Prototype.

62.     Care IO worked at all times exclusively and solely at the direction of Mr. Dhanjal.

63.     Care IO has not been compensated for its work in developing the Software Prototype, either by Mr. Dhanjal or Care IO.

64.     Care IO respectfully requests this Court to issue a declaratory judgment finding that Care IO is the lawful owner of the Care IO Platform, and declare that in no event is any other party other than Care IO the owner of its proprietary engine and platform.

65.     Care IO also respectfully requests that, unless Care IO is fully compensated for its work, this Court issue a declaratory judgment finding that Care IO is also the lawful owner of the Software Prototype.

**WHEREFORE**, Care IO respectfully requests this Court enter judgment against ePH on all its Counterclaims as follows:

A.  An order:

    a.  Holding that ePH has been unjustly enriched through its retention of (i) the Software Prototype, including all revisions, (ii) the knowledge that a software can be developed in the prior authorization space, and (iii) receipt of free hosting services constitute unjust enrichment; and

    b.  Awarding Care IO:

        i.  A *quantum meruit* monetary award in the amount of the reasonable value of the services it provided to ePH in an amount to be determined at trial but, in any event, no less than $350,000; and

        ii.  Restitution and/or compensatory damages representing the value of the benefits conferred to ePH in an amount to be determined at trial;

B.  Or, in the alternative, should this Court determine a contract exists between Care IO and ePH, an Order:

    a.  Holding that ePH has breached its contract with Care IO by failing to compensate Care IO for its software development services, delivery of the Software Prototype, additional software development to add Template functionality and Care IO's cloud hosting services; and

    b.  Awarding Care IO compensatory damages with respect to all software development and related services performed for ePH in an amount to be determined at trial, but in any event no less than $350,000;

C.  An Order declaring that;

    a.  Care IO owns all back-end software, specifically related to, and including, the Care IO Platform, along with any proprietary scripts and other code created in support of the Software Prototype; and

    b.  If Care IO is not awarded full compensation for its work, that Care IO owns all front-end software developed in connection with Mr. Dhanjal's instructions to Care IO, including, but not limited to the Software Prototype and granting Care IO a royalty-free, perpetual and irrevocable license to use any and all Templates incorporated in the Software Prototype;

D.  An Order awarding Care IO costs and attorneys' fees, including prejudgment interest; and

E.  An Order awarding Care IO any such other relief as this Court deems just and proper.


                                              **CARE IO, INC.**
                                            **By Counsel**


**JACKSON KELLY PLLC**

*/s/Susan R. Snowden*
Susan R. Snowden (WVSB #3644)
310 West Burke Street
Martinsburg, WV 25401
Tel: (304) 263-8800 / Fax: (304) 263-7110
Email: susan.snowden@jacksonkelly.com

*Attorneys for Defendant Care IO, Inc.*

## **CERTIFICATE OF SERVICE**

I, Susan R. Snowden, counsel for Care IO, Inc., do hereby certify that on the 13th day of November, 2023, I electronically filed the foregoing, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

> David M. Jecklin, Esquire
> LEWIS GIANOLA PLLC
> 1714 Mileground Road
> Morgantown, WV 26505
> Phone: 304-291-6300
> Fax: 304-291-6307

*/s/Susan R. Snowden*
Susan R. Snowden